UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Susan Ivankovich, Janell Kjos, Vonda Eidenschink, Karin Halverson, <br><br> Plaintiffs, <br><br> v. <br><br> Innovis Health, LLC dba Essentia Health West, <br><br> Defendants. | Case No. _____ <br><br> **Jury Trial Demanded** <br><br> **COMPLAINT** |

Plaintiffs Susan Ivankovich, Janell Kjos, Vonda Eidenschink, Karin Halverson (collectively, "Plaintiffs"), by their attorneys Robins, Kaplan, Miller & Ciresi L.L.P., bring the following action against Innovis Health, LLC , dba Essentia Health West ("Essentia") for its violation of the Fair Labor Standards Act and the Minnesota Fair Labor Standards Act — seeking temporary and permanent injunctive relief, as well as damages. Plaintiffs state and allege as follows:

JURISDICTION AND VENUE

1.     This action arises under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 et seq. ("FLSA"). Therefore, the Court has original jurisdiction to hear this Complaint and to adjudicate these claims under 28 U.S.C. § 1331. The Court also has supplemental jurisdiction, under 28 U.S.C. § 1367, over Plaintiffs' state-law claims.

2.    Venue is proper because Essentia committed its unlawful practices in the District of Minnesota, and many or all of the employment records relevant to these practices are, on information and belief, maintained and administered at Defendants' offices in the District of Minnesota.

PARTIES

3.    Defendant Innovis Health, LLC does business as Essentia Health West and is a Minnesota nonprofit company with headquarters at 502 East Second Street, City of Duluth, Saint Louis County, State of Minnesota. It operates health services throughout Minnesota, including three businesses in Detroit Lakes: Essentia Health St. Mary's—Detroit Lakes; Essentia Health St. Mary's—Detroit Lakes Clinic; and Essentia Health St. Mary's Emergency Medical Services —Detroit Lakes (collectively, the "Detroit Lakes Location"). The Detroit Lakes Location is at 1027 Washington Avenue, Detroit Lakes, Minnesota 56501.

4.    Plaintiff Susan Ivankovich is an hourly, non-exempt employee of Essentia Health and resides in the City of Frazee, Becker County, State of Minnesota.

5.    Plaintiff Vonda Eidenschink is an hourly, non-exempt employee of Essentia Health and resides in the City of Detroit Lakes, Becker County, State of Minnesota

6.    Plaintiff Karin Halverson is an hourly, non-exempt employee of Essentia Health and resides in the City of Hawley, Clay County, State of Minnesota

7.    Plaintiff Janell Kjos is an hourly, non-exempt employee of Essentia Health and resides in the City of Fargo, Cass County, State of North Dakota

## FACTUAL ALLEGATIONS

8.    Plaintiffs are currently employed with Essentia and have been employed within Essentia for the past three years.

9.    For all relevant times, Essentia has paid Plaintiffs an hourly wage.

10.    Essentia provides health care services in Detroit Lakes, including a wide range of services that include women's health, surgery, physical therapy, and occupational therapy. One element of Essentia's services is its Urgent Care department, which treats patients who require immediate medical attention, providing them with prompt and personal treatment.

11.    Plaintiffs Susan Ivankovich and Vonda Eidenschink are Physician Assistants (PAs), employed in Essentia's Urgent Care department in Detroit Lakes.

12.    Plaintiffs Janell Kjos and Karin Halverson are Nurse Practitioners (NPs), employed in Essentia's Urgent Care department in Detroit lakes.

13.    Plaintiffs are all similarly situated hourly employees who are required to track their hours worked, including the times when they begin and end their work shifts.

14.    The Fair Labor Standards Act and the Minnesota Fair Labor Standards Act require employers to pay their employees at a rate of at least one-and-one-half their regular rate for time over forty hours that is worked in one work week. This is commonly known as time-and-a-half overtime pay

15.   Since at least 2010, Plaintiffs have consistently worked in excess of 40 hours per week, but Essentia has failed to pay them time-and-one-half overtime pay.

16.   On several occasions, Plaintiffs have asked Essentia's management to pay them time-and-one-half overtime pay.

17.   On information and belief, for at least three years, Essentia has willfully, deliberately, and intentionally refused to pay Plaintiffs for time-and-one-half overtime pay.

18.   Consequently, until recently, Plaintiffs and class members were not aware that the FLSA and MFLSA entitled them to time-and-one-half overtime pay.

19.   Defendants led the Plaintiffs and class members to believe that their regular pay was paid in conformity with the FLSA and the MFLSA.

20.   In fact, not until one of the Plaintiffs contacted a private attorney did Plaintiffs discover that Essentia has not been paying them the overtime wages — in violation of the FLSA and MFLSA.

21.   During all relevant times, Essentia knew or should have known that Plaintiffs were entitled to compensation for time and one-half overtime pay under the FLSA and MFLSA.

22.   On information and belief, Essentia had previously received publications and advice to pay physician assistants and nurse practitioners time-and-one-half overtime pay, but Essentia refused to do so.

23.   Essentia was and is aware of the Department of Labor's explicitly stated position that Physician Assistants and Nurse Practitioners who are paid hourly are entitled to time-and-one-half overtime pay.

4

24.    Essentia was and is aware of litigation and caselaw holding that physician assistants and nurse practitioners who are paid hourly are non-exempt: they are entitled to be paid time-and-one-half overtime pay.

25.    Despite Essentia's knowledge of the Department of Labor's position — as well as courts' consistent affirmation of that position — Essentia consistently refused to pay Plaintiffs time-and-one-half overtime pay.

26.    In fact, shortly after Plaintiffs began to more assertively ask Essentia to stop violating the law, Essentia retaliated by scheduling Plaintiffs for fewer hours.

27.    Essentia's reduction of Plaintiffs' scheduled hours was contrary to past practice.

28.    Essentia's reduction of Plaintiffs' scheduled hours was also contrary to Essentia's business interests, since the reduced hours that Essentia scheduled Plaintiffs was less convenient for Essentia's patients.

29.    Essentia's reduction of Plaintiffs' scheduled hours was retaliatory.

30.    Essentia Detroit Lakes has stated that it expects Plaintiffs to attend meeting before the clinic opens. Plaintiffs were not paid for the hours that they attend those meetings.

31.    If an employee was absent during one of those non-work-hour meetings — or for a portion of those meetings — then Essentia did not permit those employees to participate in decisions that will affect their work. Such decisions include without limitation some decisions regarding the hours that Plaintiffs were scheduled to work.

32.    Plaintiffs' unpaid work activities were regularly and uniformly conducted on Essentia's Detroit Lakes premises.

33.   These unpaid work activities were required by Essentia, for its benefit.

34.   Plaintiffs attend those meetings, but they were paid based on the times they were scheduled, which excluded work performed before and after official hours.

35.   Since 2010, Plaintiffs were paid hourly; they did not receive a salary.

36.   If a Plaintiff worked less than 40 hours during a pay period, then Essentia paid that Plaintiff only for the hours on their that Plaintiff's time sheet.

37.   Essentia willfully, deliberately, and intentionally failed to pay Plaintiffs for time-and-one-half overtime wages for work over forty hours per week.

38.   Plaintiffs are owed compensation for time-and-one-half overtime wages and back wages by Essentia, who willingly and knowingly withheld those wages.

39.   Plaintiffs continue to work as Essentia's employees, and Plaintiffs continue to provide high-quality medical services to Essentia's patients.

## COUNT I
### VIOLATION OF THE FAIR LABOR STANDARDS ACT

40.   Plaintiffs re-allege and incorporate the paragraphs above as though fully stated herein.

41.   Essentia regularly engages in commerce, and its employees handle and use goods that have moved in interstate commerce.

42.   At all relevant times, Essentia was and is an employer within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d).

43.   At all relevant times, Plaintiffs have been employed by Essentia within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d).

44.     The FLSA, 29 U.S.C. § 207 requires employers to pay employees one and one-half times their regular rate of compensation for all hours worked over forty hours per workweek.

45.     During Plaintiffs' employment with Essentia, they have performed work for which they were not compensated.

46.     Essentia violated the minimum-wage provisions of the FLSA and its regulations by failing to pay Plaintiffs for all compensable work hours.

47.     During Plaintiffs' employment with Essentia, Plaintiffs have consistently performed overtime work for which Essentia did not pay them additional compensation – also in violation of the FLSA.

48.     Essentia violated the FLSA and its regulations by failing to pay time-and-one-half overtime wages to hourly, non-exempt employees who earned overtime pay.

49.     Defendant Essentia has violated the overtime wage requirements of the FLSA by regularly and repeatedly failing to compensate Plaintiffs for their time spent on the work activities described in this Complaint.

50.     Defendant Essentia knew, or showed reckless disregard for, the fact that it violated the FLSA by failing to pay Plaintiffs overtime wages for the work activities described in this Complaint.

51.     Essentia's failure to fully compensate the Plaintiffs for all compensable hours was a willful and knowing violation of the FLSA.

52.     Essentia's failure to properly administer a compensation scheme for overtime was a willful and knowing violation of the FLSA.

53.    Essentia's violations of the FLSA occurred within the statutory period prescribed by 29 U.S.C. § 255(a).

54.    As a result of Defendant Essentia's violations of the FLSA, Plaintiffs suffered damages.

55.    Section 216(b) of the FLSA makes employers who violate § 207 liable to the Plaintiffs in the amount of their unpaid wages, liquidated damages, costs, and attorney's fees.

## COUNT II
### RETALIATION IN VIOLATION OF THE FAIR LABOR STANDARDS ACT

56.    Plaintiffs re-allege and incorporate the paragraphs above as though fully stated herein.

57.    Essentia has subjected the Plaintiffs who have questioned Essentia's payment practices to increased scrutiny and reduction in Plaintiffs' hours.

58.    There is a causal link between Essentia's adverse employment actions and Plaintiffs' assertion of their rights — as well as Essentia's unfulfilled duties under the FLSA and MFLSA.

59.    Other employees feared retaliation for opposing Essentia's violations of the FLSA and MFLSA.

60.    Essentia's actions violated the anti-retaliation provisions of 29 U.S.C. § 215(a)(3).

61.    Section 704(a) of the 1964 Civil Rights Act makes it illegal for an employer to retaliate against an employee who has opposed any unlawful employment practice.

62.    For Plaintiffs' opposition to Essentia's unlawful employment practices, Essentia retaliated against Plaintiffs by reducing their hours.

## COUNT III
### VIOLATION OF THE MINNESOTA FAIR LABOR STANDARDS ACT

63.    Plaintiffs re-allege and incorporate the paragraphs above as though fully stated herein.

64.    At all relevant times, Essentia was and is an employer within the meaning of the Minnesota Fair Labor Standards Act, and Essentia is subject to its provisions.

65.    At all relevant times, Plaintiffs have been employed by Essentia within the meaning of the Minnesota Fair Labor Standards Act, and Essentia is subject to its provisions.

66.    During Plaintiffs' employment with Essentia, Plaintiffs have performed work for which they were not compensated.

67.    Essentia violated the minimum-wage provisions of the MFLSA and its regulations by failing to pay Plaintiffs for all compensable work hours.

68.    The Minnesota Fair Labor Standards Act, MINN. STAT. § 177.25, requires employers to pay overtime for all hours worked in excess of forty-eight per week. Section 177.27 makes employers who violate section 177.25 liable to the affected employees in the amount of unpaid wages, costs, attorney fees, and other appropriate relief under the law.

69.    Defendant Essentia has violated the Minnesota FLSA by regularly and repeatedly failing to pay additional compensation to Plaintiffs for their overtime.

70. Defendants violated MINN. STAT. §§ 177.25; 177.30; 177.253; 177.254; and 177.255 by failing to pay time-and-one-half overtime wages to Plaintiffs, who are hourly non-exempt employees who earned overtime pay.

71. Essentia's failure to compensate Plaintiffs for all compensable hours was a willful and knowing violation of the MFLSA.

72. Essentia's failure to fully compensate Plaintiffs for overtime earned was a willful and knowing violation of the MFLSA.

73. Essentia's failure to properly administer a compensation scheme for overtime was a willful and knowing violation of the MFLSA and its regulations.

74. Essentia knew, or showed reckless disregard for, its violations of the Minnesota FLSA by failing to properly pay Plaintiffs for the work activities described in this complaint.

75. These violations occurred within the statutory period prescribed by MINN. STAT. § 541.07.

76. Under MINN. STAT. chapter 177, Essentia owes Plaintiffs compensation for the overtime work and an additional equal amount as liquidated damages, together with an additional sum for attorney fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for relief as follows:

1. A declaratory judgment that Essentia's acts, policies, practices, and procedures violated provisions of the Fair Labor Standards Act and the Minnesota Fair Labor Standards Act;

2.      An order that Essentia immediately comply with the Fair Labor Standards Act and the Minnesota Fair Labor Standards Act;

3.      An injunction preventing Essentia from further violations of the Fair Labor Standards Act and the Minnesota Fair Labor Standards Act;

4.      Judgment against Defendant Essentia for

   a.  an amount equal to Plaintiffs' unpaid wages at the applicable overtime rate;

   b.  An amount equal to the unpaid wages as liquidated damages;

   c.  An award of prejudgment interest (to the extent that liquidated damages are not awarded);

   d.  Costs and attorney fees to the extent allowed by law; and

5.      Leave to add additional plaintiffs by the filing of written consent forms, or any other method approved by the Court;

6.      All legal and equitable relief available under the Fair Labor Standards Act and the Minnesota Fair Labor Standards Act;

7.      Such further relief as the Court deems equitable and just.

8.      Plaintiffs demand a jury trial for all triable issues.

October 3, 2014          **Robins, Kaplan, Miller & Ciresi L.L.P.**

By: _____

Stacey Slaughter (MN # 296971)
Damien A. Riehl (MN # 322428)

2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402–2015

T: 612–349–8500
F: 612–339–4181

*Attorneys for Plaintiffs Susan Ivankovich, Janell Kjos,*
*Vonda Eidenschink, and Karin Halverson*

84887296.6